**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2512**

OLGA MARITZA HERNANDEZ-PERDOMO; B. S. V-H,

> Petitioners,

> v.

WILLIAM P. BARR, Attorney General,

> Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 15, 2020                    Decided: February 24, 2020

Before FLOYD, THACKER, and RICHARDSON, Circuit Judges.

Petition denied by unpublished per curiam opinion.

John E. Gallagher, Catonsville, Maryland, for Petitioners. Joseph H. Hunt, Assistant Attorney General, Shelley R. Goad, Assistant Director, Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olga Maritza Hernandez-Perdomo (Hernandez) and her minor son, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals dismissing Hernandez's appeal of the Immigration Judge's denial of her application for withholding of removal.[1]  We deny the petition for review.

We have reviewed Hernandez's arguments on appeal in light of the administrative record, including the transcript of Hernandez's merits hearing and the supporting evidence, and the relevant legal authorities.  We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the adverse credibility finding[2]—and that substantial evidence supports the denial of withholding of removal, *see Cortez-Mendez*, 912 F.3d at 208–11 (conducting substantial-evidence review of the agency's denial of petitioner's claim for withholding of removal).  Specifically, the Board agreed with the main groupings of inconsistencies identified by the Immigration Judge in reaching the adverse credibility determination and held that, based on the totality of the circumstances, there was no clear error in that ruling.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); 8 C.F.R. § 1003.1(d)(3)(i) (setting

---

[1] Hernandez challenges neither the denial of her application for protection under the Convention Against Torture (CAT) nor the finding that her asylum application was time-barred.  So these issues are waived.  *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waived the issue).

[2] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings.  *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

forth the Board's standard of review for factual findings, including credibility determinations). Upon review, we conclude that substantial evidence supports this determination. *See Ilunga*, 777 F.3d at 207 (recognizing that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (quoting *Djadjou v. Holder*, 662 F.3d 265, 273 (4th Cir. 2011)); *Singh v. Holder*, 699 F.3d 321, 329 (4th Cir. 2012) (explaining that an adverse credibility determination need not be based "solely on those matters fundamental to an alien's claim for relief").

So we deny the petition for review for the reasons stated by the Board. *Hernanadez-Perdomo*, B.I.A., A206-803-682 (Nov. 29, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*PETITION DENIED*